UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JEREMY HOWARD | § | C.A. No. |
| | § | |
| VS. | § | |
| | § | |
| BAYWATER DRILLING, LLC | § | SEC. "__"     MAG. (__) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes Plaintiff Jeremy Howard, complaining of Defendant Baywater Drilling, LLC, and, for cause of action, would respectfully show as follows:

**I.  PARTIES**

1.1     Plaintiff Jeremy Howard, is a citizen and resident of Lafayette Parish, Louisiana.

1.2     Defendant Baywater Drilling, LLC, is a foreign limited liability company, with its principal place of business in Terrebonne Parish, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808.

## II.  JURISDICTION

2.1     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Jones Act now codified at 46 U.S.C. § 30104.

## III.  VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 Fed. R. Civ. P.

## IV.  FACTS

4.1     At all material times hereto, Defendant owned, operated and/or crewed the vessel involved in the incident made the basis of this suit, a vessel operating in navigable waters.

4.2     At all material times hereto, Plaintiff was employed by Defendant as a floorhand and member of the crew of the vessel.

4.3     On or about November 29, 2014, while Plaintiff was performing his duties in the service of the vessel, he was injured by equipment on the vessel; specifically, a smashed thumb, among other injuries, including swelling and limited use fingers and discomfort of flexion of joints, caused by malfunctioning equipment (spinning wrench).  The injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendant, and unseaworthiness of the vessel, in the following particulars, among others:

      (a)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

      (b)     failing to take reasonable precautions for Plaintiff's safety;

      (c)     failing to provide employees with a reasonably safe place to work;

    (d)    failing to warn Plaintiff of known and/or existing hazards; and

    (e)    other acts of negligence and/or omissions to be shown at trial herein.

## V. COUNT 1 - JONES ACT

5.1    Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence and/or gross negligence of Defendant, its officers, agents, or employees, as described herein.

## VI. COUNT 2 - UNSEAWORTHINESS

6.1    Plaintiff's injuries were caused by Defendant's breach of its absolute duty to furnish a seaworthy vessel.

## VII. COUNT 3 - MAINTENANCE AND CURE

7.1    Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, Defendant had, and continues to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duties therefore continue. Defendant has breached its absolute duty by denying payment of maintenance and cure and/or has unreasonably delayed said payment. As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Defendant's failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII.  DAMAGES

8.1 As a direct and proximate result of Defendant's negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past and future; (b) lost earnings; (c) loss of earning capacity; (d) disfigurement in the past and future; (e) physical impairment in the past and future; (f) medical expenses in the past and future; (g) physical pain and suffering in the past and future; (h) punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Walter Naquin, Jr.*
Walter Naquin, Jr. (#09891)
P. O. Box 127
Thibodaux, LA 70302
Telephone:    985.447.9554
Email: butchnaquin@bellsouth.net

**OF COUNSEL**

SPAGNOLETTI & CO.
Marcus R. Spagnoletti
Texas Bar No. 24076708
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656
Email:        marcus@spaglaw.com

*Attorneys for Plaintiff*